UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICARDO FRANSCISCO GONCALVES DE SOUZA<br>　　　Petitioner,<br><br>v.<br><br>ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility,<br><br><br>DAVID VENTURELLA,<br>Acting Director U.S. Immigrations and Customs Enforcement,<br><br>MARKWAYNE MULLIN, Secretary of Homeland Security<br><br>And<br><br>TODD BLANCHE, ACTING ATTORNEY GENERAL OF THE UNITED STTAES. | CASE No. 1:26-cv-13003<br><br>PETITION FOR<br>WRIT OF HABEAS<br>CORPUS |

**INTRODUCTION**

The Petitioner avers that he is being held illegally pursuant to 235 of the INA after previously being accorded release under 236(a) of the INA. Petitioner asserts that his detention without bond is illegal under Guerrero Orellana v. Moniz, 802 F. Supp. 3d 297, 306-12 (D. Mass. 2025), appeal filed, No. 25-2152 (1st Cir. Dec. 2, 2025); Guerrero Orellana v. Moniz, 813 F. Supp. 3d 185, 193-95 (D. Mass. 2025), appeal filed, No. 26-1094 (1st Cir. Jan. 22, 2026) and asks this Honorable Court to find as such and Order him not to be transferred out of this jurisdiction and for a bond hearing to be hold on his matter if not released.

1

## FACTS

1. The Petitioner is a native and citizen of Brazil. He was born on Febraury 3, 1996. Based upon information and belief the Petitioner is currently detained in the custody of Immigration and Customs Enforcement ("ICE") at the Plymouth County Department of Corrections in Plymouth, Massachusetts.

2. The Petition is married to Camilla Peixoto Veira and they have a 6 month USC child Valentina Peixoto De Souza.

3. The Petitioner and his family reside at 49 Gate Street, Worcester, MA 01610.

4. The runs his own business and pays based upon information and belief has paid his taxes.

5. The Petition entered the United States on or about May 20, 2022. Based upon information and belief he was encountered by U.S. Customs and Border Protection ("CBP") processed and places in INA Section 240 Removal Proceedings, Issied an I-862 Notice to Appeal and released pursuant to 8 U.S.C. 1226(a) on an Order of Recognizance ICE form 220(a).

6. Thereafter CBP never timely filed any paperwork with the Executive Office for Immigration Review ("EOIR") and Petitioner's removal proceedings were dismissed for ICE's failure to prosecute.

7. On June 29, 2026 Petitioner voluntarily presented at ICE Enforcement and Removal Operations headquarters in Burlington, Massachusetts and was taken into custody.

8. ICE is now seeking to hold Petitioner as a mandatory detainee under 235 of the Immigration and Nationality Act.

9. Based upon information and belief and ICE's recent and present practice of removing aliens in their custody to remote facilities far from counsel, an alien's domicile, or the

2

case of controversy that gave rise to said custody the Petitioner herein avers he is in imminent harm of transfer and asks this Court to issue order halting transfer outside its jurisdiction without notice to this Honorable Court.

## JURISDICTION

10. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 et seq.

11. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause); under 8 U.S.C. § 1252(e)(2), this Court has habeas authority to determine [ whether Petitioner is a noncitizen, whether Petitioner was ordered removed under 8 U.S.C. § 1225(b)(1), whether Petitioner can prove by a preponderance of the evidence that he/she/they is a lawful permanent resident / refugee under 8 U.S.C. § 1157 / asylee under 8 U.S.C. § 1158.]

12. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 et. seq., the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

13. Venue is proper because Petitioner is detained at Plymouth House of Corrections at 26 Long Pond Road, Plymouth, Massachusetts which is in the jurisdiction of this District.

14. Venue is proper in this District because Respondents are officers, employees, or agencies of the United States and substantial part of the events or omissions giving rise to Petitioner's claims occurred in this District and no real property is involved in this action.  28 U.S.C. § 1391(e).

## REQUIREMENTS OF 28 U.S.C. § 2243

15. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to

3

relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." Id.

16. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." Fay v. Noia, 372 U.S. 391, 400 (1963).

**PARTIES**

17. Petitioner, RICARDO FRANSCISCO GONCALVES DE SOUZA, is domiciled in jurisdiction of this Honorable Court at 49 Gate Street, Worcester, Massachusetts.

18. Respondent ANTONE MONIZ is the Superintendent of the Plymouth County Correctional Facility. Respondent has physical custody of Petitioner pursuant to the facility's contract with U.S. Immigration and Customs Enforcement to detain noncitizens and is a legal custodian of Petitioner. Respondent Moniz is a legal custodian of Petitioner.

19. Respondent, DAVID VENTURELLA, is sued in his official capacity as the Acting Director of U.S. Immigration and Customs Enforcement. Respondent is a legal custodian of Petitioner and has authority to release her/him/them.

20. Respondent, MARKWAYNE MULLIN, is sued in his official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Mullins is responsible for the implementation and enforcement of the Immigration and Nationality Act, and oversees U.S. Immigration and Customs Enforcement / U.S. Customs and Border Protection, the component agency responsible for Petitioner's detention / custody. Respondent Mullins is a legal custodian of Petitioner.

4

21.    Respondent, TODD BLANCHE, is sued in his official capacity as the Acting Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, he has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the BIA. Respondent BLANCHE is a legal custodian of Petitioner.

## CLAIMS FOR RELIEF

## COUNT ONE

(Violation of Fifth Amendment Right to Due Process)

(Allege constitutional violation)

The allegations in the above paragraphs are realleged and incorporated herein.

.

22.    .    The arbitrary, capricious and summary detention of the Petitioner in stark contrast to Respondents historical and accepted past practices coupled with the imminent risk of the irreparable harm of transferring Petitioner out of jurisdiction to remote localities far from counsel and his support network violated the Fifth Amendment Right to Due Process. The Respondent was initially encountered and released under 8 U.S.C. 1226(a). ICE now seeks to retroactively hold Respondent without bond under INA 235. The Petitioner asserts this continued detention is illegal under the framework in *Guerrero Orellana*.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1)    Assume jurisdiction over this matter;

(2)    Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

5

(3)     Declare that Petitioner's detention action violates the Due Process Clause of the Fifth Amendment,

(4) Forbid Respondents from transferring Petitioner out of this Court's jurisdiction without notice or approval from this Court;

(5)     Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately or schedule a bond hearing before an immigration judge

(6)     Grant any further relief this Court deems just and proper.

Respectfully submitted,

/s/ Richard S. Cabelus

_____

Richard S. Cabelus
Counsel for Petitioner
Law Office of Richard S. Cabelus
390 Main Street, Suite 541
Worcester, MA 01608
508-762-9199
Richard@cabeluslaw.com